RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4350-16T6

STATE OF NEW JERSEY,

 Plaintiff-Appellant,

v.

JULIAN SANDERS,

 Defendant-Respondent.
__________________________

 Argued September 28, 2017 – Decided November 16, 2017

 Before Judges Simonelli, Haas and Gooden
 Brown.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. W-2017-
 7415-0714.

 Frank J. Ducoat, Special Deputy Attorney
 General/Acting Assistant Prosecutor, argued
 the cause for appellant (Robert D. Laurino,
 Acting Essex County Prosecutor, attorney; Mr.
 Ducoat, of counsel and on the brief).

 Tamar Y. Lerer, Assistant Deputy Public
 Defender, argued the cause for respondent
 (Joseph E. Krakora, Public Defender, attorney;
 Ms. Lerer, of counsel and on the brief).
PER CURIAM

 Defendant Julian Sanders was charged with murder, N.J.S.A.

2C:11-3(a)(1), and related weapons charges stemming from the

stabbing death of Kendal Anthony. In this appeal, we consider

whether the trial court abused its discretion in finding defendant

rebutted the presumption of pretrial detention pursuant to

N.J.S.A. 2A:162-19(b) by a preponderance of the evidence.

 I.

 The affidavit of probable cause indicates that a witness

identified defendant in a photo array and surveillance video

captured the incident. The video, which has no sound, shows

defendant approaching a liquor store in Newark where he encountered

Anthony, and the two began arguing. During the argument, defendant

removed a knife from his front pants pocket. When Anthony threw

a punch at defendant, defendant stabbed him once in the chest,

causing his death.

 Pretrial Services generated a Public Safety Assessment (PSA),

which reflected that defendant was forty-seven years old and

charged with a violent offense. The PSA indicated defendant had

no pending charge at the time of offense and no prior violent

convictions or failure to appear pretrial in the past two years.

The PSA also indicated defendant had three prior indictable

convictions; sixteen prior disorderly persons convictions; prior

 2 A-4350-16T6
failure to appear pretrial older than two years; and prior sentence

to incarceration. Pretrial Services rated defendant with a score

of three for both failure to appear and new criminal activity.

There was no new violent criminal activity flag. Pretrial Services

recommended no release.

 The State filed a motion for defendant's pretrial detention

based on the presumption of detention for defendants charged with

murder and on Pretrial Services' no release recommendation. The

State argued defendant's release created a risk that he would not

appear at future court proceedings and would present a danger to

the community. The State provided the complaint-warrant,

affidavit of probable cause, the PSA, the surveillance video, and

defendant's videotaped statement to the police.

 Defendant did not contest probable cause or that the

presumption of detention applied. Rather, defense counsel argued

defendant was not the aggressor, acted in self-defense, had a non-

violent criminal history, and was not a danger to the community

or at risk of not appearing in court. Defense counsel represented

that defendant had strong family support and would reside with his

mother and brother, who would guarantee his appearance in court.

In addition, defendant attended elementary and high schools in

Irvington, worked at a maintenance company in 2014 and 2015

cleaning offices and windows until he was injured on the job, was

 3 A-4350-16T6
very cooperative, and was remorseful despite claiming self-

defense.

 The State countered that the video showed defendant was the

aggressor and Anthony threw the punch after defendant raised the

knife up to Anthony's face. The State argued that defendant had

a duty to retreat, could have walked away, and was "an

extraordinary risk to the community," based on his lengthy criminal

history and conduct in this case.

 The court did not review defendant's videotaped statement to

police. However, defense counsel represented that defendant said,

"I should've just gone home," and expressed remorse. The State

represented that defendant said he was high, came to the store to

get a cigarette, and could and should have walked away, but "really

wanted a cigarette."

 The court viewed the surveillance video and disagreed with

the State's description of the incident. The court noted that

Anthony was much younger, bigger, and stronger than defendant, and

appeared to be the aggressor throughout the argument. The court

agreed with the defense that defendant was not the aggressor and

it clearly appeared on the video that he was acting in self-defense

when he stabbed Anthony.

 The court recognized that the PSA recommended no release, but

noted it had to consider a number of other factors. The court

 4 A-4350-16T6
assessed the nature and circumstances of the offense charged and

weight of the evidence, and determined the State's case for murder

was not very strong. The court also considered other factors,

such as defendant's history and characteristics, and concluded

that

 under the circumstances, even with his prior
 criminal record, even with the PSA's
 recommendation of no release . . . this
 [c]ourt is satisfied that the [defendant] has
 rebutted the presumption in this case and that
 there are condition[s] or combination of
 conditions that would assure [his] appearance
 in court when required, as well as the
 protection of other persons in the community.

The court ordered defendant's release with the condition of twenty-

four hour home supervision at his mother's residence and electronic

monitoring. Defendant's release was stayed pending appeal.

 We review the trial court's decision on a motion for pretrial

detention for abuse of discretion. State v. C.W., 449 N.J. Super.

231, 256 (App. Div. 2017). An abuse of discretion may be found

"when a decision 'rest[s] on an impermissible basis' or was 'based

upon a consideration of irrelevant or inappropriate factors.'"

Id. at 255 (alteration in original) (quoting State v. Steele, 430

N.J. Super. 24, 34-35 (App. Div. 2013), certif. improvidently

granted, 223 N.J. 284 (2014)). An abuse of discretion may also

be found "when the trial court fails to take into consideration

 5 A-4350-16T6
all relevant factors [or] when its decision reflects a clear error

in judgment." Ibid.

 Here, the court's decision rested on its view of the

surveillance video. "When more than one reasonable inference can

be drawn from the review of a video recording, . . . a trial

court's factual conclusions reached by drawing permissible

inferences cannot be clearly mistaken, and the mere substitution

of an appellate court's judgment for that of the trial court's

advances no greater good." State v. S.S., 229 N.J. 360, 380

(2017). However, "[a]ppellate courts have an important role to

play in taking corrective action when factual findings are so

clearly mistaken -- so wide of the mark -- that the interests of

justice demand intervention." Id. at 381. "Deference ends when

a trial court's factual findings are not supported by sufficient

credible evidence in the record." Ibid.

 The State concedes that S.S. precludes us from applying a de

novo review of a trial court's findings based on video evidence.

However, the State argues the court's decision was not supported

by sufficient credible evidence because the surveillance video did

not implicate self-defense. The State posits that, similar to the

standard applied for a motion to dismiss an indictment, the

evidence should be viewed in a light most favorable to the State

at this early stage of the case. Citing State v. Robinson, 229

 6 A-4350-16T6
N.J. 44, 68 (2017) to support its argument that a pretrial

detention hearing "should not turn into a mini-trial," the State

contends it was not required to disprove every possible affirmative

defense. The State insists that the surveillance video provides

strong evidence for a jury to find defendant guilty of murder, and

the court was clearly mistaken in concluding otherwise.

 The State argues that the court abused its discretion by

putting controlling weight on the surveillance video and rendering

its own verdict of self-defense when the following factors set

forth in N.J.S.A. 2A:162-20 weighed in favor of detention: (1)

defendant is charged with murder and faces a minimum sentence of

thirty years without parole; (2) the weight of the evidence is

strong and includes the surveillance video, eyewitness

identification, and defendant's inculpatory statement to the

police; (3) defendant committed the crime while residing with his

mother; and (4) defendant's criminal history bespeaks reoffending.

 The State also argues that Pretrial Services' no release

recommendation, coupled with the statutory presumption for

defendants charged with murder, is strong evidence supporting

defendant's pre-trial detention. The State posits that under Rule

3:4A(b)(5), a recommendation against release is prima facie

evidence sufficient to overcome the presumption of release, and

where there is a presumption of detention, the recommendation

 7 A-4350-16T6
should be even more difficult to overcome. Lastly, the State

argues that when a presumption of detention is triggered, release

should be the uncommon exception. The State maintains this result

necessarily follows from our statement in C.W., supra, 449 N.J.

Super. at 257, that where the presumption is not triggered,

detention is "the appropriate result for only a limited group of

the most serious cases."

 Defendant counters that if the presumption of detention

cannot be rebutted by the court's finding of a viable self-defense

claim, it would effectively mean there is no murder case in which

the presumption could be rebutted, as long as there is probable

cause the defendant committed the crime. Defendant maintains that

the court properly considered all of the relevant factors in

N.J.S.A. 2A:162-20, and self-defense related to two of those

factors: the nature and circumstances of the offense charged and

the weight of the evidence.

 II.

 The focus of the Criminal Justice Reform Act (CJRA), N.J.S.A.

2A:162-15 to -26, is to "rely[] upon pretrial release by non-

monetary means" to achieve the goals of "reasonably assur[ing] an

eligible defendant's appearance in court when required, the

protection of the safety of any other person or the community,

[and] that the eligible defendant will not obstruct or attempt to

 8 A-4350-16T6
obstruct the criminal justice process." N.J.S.A. 2A:162-15.

However, a prosecutor may file a motion for pretrial detention

when a defendant is charged with certain crimes, including murder.

N.J.S.A. 2A:162-19(a).

 When a prosecutor seeks pretrial detention, in most cases

there is a "rebuttable presumption that some amount of monetary

bail, non-monetary conditions of pretrial release or combination

of monetary bail and conditions" would satisfy the three goals of

the CJRA. N.J.S.A. 2A:162-18(b). When a prosecutor seeks pretrial

detention of a defendant who has not yet been indicted, such as

defendant here, the court must first determine whether there is

probable cause that the defendant committed the charged offense.

N.J.S.A. 2A:162-19(e)(2). Defendant conceded there was probable

cause, so this requirement was satisfied.

 Once the court has found probable cause that the defendant

committed murder or any crime for which the defendant would be

subject to an ordinary or extended term of life imprisonment,

 there shall be a rebuttable presumption that
 the eligible defendant shall be detained
 pending trial because no amount of monetary
 bail, non-monetary condition or combination of
 monetary bail and conditions would reasonably
 assure the eligible defendant's appearance in
 court when required, the protection of the
 safety of any other person or the community,
 and that the eligible defendant will not
 obstruct or attempt to obstruct the criminal
 justice process[.]

 9 A-4350-16T6
 [N.J.S.A. 2A:162-19(b).]

The presumption of pretrial detention may be rebutted by a

preponderance of the proof "provided by the eligible defendant,

the prosecutor, or from other material submitted to the court."

N.J.S.A. 2A:162-19(e)(2). "If the presumption is rebutted by

sufficient proof, the prosecutor shall have the opportunity to

establish that the grounds for pretrial detention exist[.]" Ibid.

To establish the grounds for pretrial detention, the prosecutor

must show by clear and convincing evidence

 that no amount of monetary bail, non-monetary
 conditions or combination of monetary bail and
 conditions will reasonably assure the eligible
 defendant's appearance in court when required,
 the protection of the safety of any other
 person or the community, and that the eligible
 defendant will not obstruct or attempt to
 obstruct the criminal justice process[.]

 [N.J.S.A. 2A:162-19(e)(3).]

 The State did not argue that defendant would obstruct or

attempt to obstruct the criminal justice process. Thus, the

question is whether defendant rebutted the presumption of pretrial

detention. If so, the second question is whether the State proved

detention is warranted by clear and convincing evidence.

 N.J.S.A. 2A:162-20 sets forth factors the court may consider

in determining whether monetary bail, pretrial release conditions

 10 A-4350-16T6
or a combination of the two, can achieve the goals of the CJRA.

Specifically,

 the court may take into account information
 concerning:

 a. The nature and circumstances of the
 offense charged;

 b. The weight of the evidence against
 the eligible defendant, except that the court
 may consider the admissibility of any evidence
 sought to be excluded;

 c. The history and characteristics of
 the eligible defendant, including:

 (1) the eligible defendant's character,
 physical and mental condition, family ties,
 employment, financial resources, length of
 residence in the community, community ties,
 past conduct, history relating to drug or
 alcohol abuse, criminal history, and record
 concerning appearance at court proceedings;
 and

 (2) whether, at the time of the current
 offense or arrest, the eligible defendant was
 on probation, parole, or on other release
 pending trial, sentencing, appeal, or
 completion of sentence for an offense under
 federal law, or the law of this or any other
 state;

 d. The nature and seriousness of the
 danger to any other person or the community
 that would be posed by the eligible
 defendant’s release, if applicable;

 e. The nature and seriousness of the
 risk of obstructing or attempting to obstruct
 the criminal justice process that would be
 posed by the eligible defendant’s release, if
 applicable; and

 11 A-4350-16T6
 f. The release recommendation of the
 pretrial services program[.]

 [N.J.S.A. 2A:162-20.]

 The court here recognized that it must consider the factors

set forth in N.J.S.A. 2A:162-20 to reach its decision. Contrary

to the State's position, it was proper for the court to consider

evidence of defenses to the charged offense that were relevant to

the court's pretrial detention determination. Certainly, if

defendant has a viable claim of self-defense, that information

would be relevant to whether defendant poses a danger to the

community or a risk of flight. The liberal construction to be

afforded the CJRA, see N.J.S.A. 2A:162-15, would seem to embrace

consideration of any relevant evidence regarding the nature and

circumstances of the offense and weight of the evidence against

the defendant in reaching a pretrial detention decision.

 The State's argument that requiring it to disprove an

affirmative defense would turn the detention hearing into a mini-

trial is unpersuasive. Both parties relied on the surveillance

video to establish their competing claims of murder and self-

defense. We discern no reason why it would be improper for the

court, when viewing the video, to consider the arguments of both

parties in analyzing the nature and circumstances of the offense

and the weight of the evidence. The court could properly draw

 12 A-4350-16T6
inferences from the video to determine whether defendant poses a

danger to the community or a risk of flight. S.S., supra, 229

N.J. at 380.

 Further, we reject the State's argument that the evidence

should be viewed in the light most favorable to it. Detaining a

defendant pretrial is fundamentally different than returning an

indictment, as the detention directly and immediately impacts the

defendant's liberty interests. United States v. Salerno, 481 U.S.

739, 746-50, 107 S. Ct. 2095, 2101-03, 95 L. Ed. 2d 697, 708-11

(1987); Robinson, supra, 229 N.J. at 68. As our Supreme Court

noted, the CJRA is to be "'liberally construed' to effect its

purpose [of] rely[ing] primarily on 'pretrial release by non-

monetary means to reasonably assure'" that the three goals of the

CJRA are achieved. Robinson, supra, 229 N.J. at 55 (quoting

N.J.S.A. 2A:162-15). Moreover, "[i]n our society liberty is the

norm, and detention prior to trial or without trial is the

carefully limited exception." Salerno, supra, 481 U.S. at 755,

107 S. Ct. at 2105, 95 L. Ed. 2d at 714. Thus, even where there

is a presumption of detention, it would seem incompatible with the

liberal construction of the CJRA and a defendant's fundamental

interest in liberty to view evidence at a pretrial detention

hearing in the light most favorable to the State.

 13 A-4350-16T6
 The State contends that Pretrial Services' no release

recommendation combined with the statutory presumption strongly

weighs in favor of detention. However, during oral argument before

the Court in State v. S.N., No. A-079320, amicus American Civil

Liberties Union of New Jersey (ACLU) argued that under the

Judiciary's approved Decision Making Framework (DMF), when a

defendant is charged with certain crimes, the Pretrial Services

recommendation is always no release irrespective of the ratings

on the PSA.1 See C.W., supra, 449 N.J. Super. at 241 n.11 (noting

the defendant and ACLU argued that the DMF automatically produced

a no release recommendation for certain offenses, including

murder). Thus, the presumption and the recommendation are

apparently based solely on the offense charged and one should,

therefore, not enhance the weight of the other.

 In arguing that Pretrial Services' recommendation should make

the presumption of detention even more difficult to overcome, the

State relies on the provision in Rule 3:4A(b)(5) stating that

Pretrial Services' no release recommendation is "prima facie

evidence sufficient to overcome the presumption of release[.]"

Rule 3:4A(b)(5) was the focus of much discussion during oral

argument in S.N. The justices questioned how a recommendation

1
 S.N. was argued before the Court on September 11, 2017. An
opinion is pending.

 14 A-4350-16T6
could constitute evidence of flight risk or danger to the

community, particularly where it was based only on the crime

charged. The justices entertained suggestions from the parties

as to whether and how the rule should be revised.

 In light of the concerns the justices raised about the weight

afforded to a no release recommendation and the fact that the

recommendation, like the presumption of detention, is apparently

based only on the offense charged, we conclude the recommendation

cannot increase the burden on a defendant to overcome the

presumption of detention. When the Legislature established the

burden of proof to overcome a presumption as a preponderance of

the evidence, it presumably understood that the recommendation

from Pretrial Services for all defendants charged with murder

would be no release.

 The State's reliance on C.W. for its contention that where

the presumption of detention is triggered, release should be the

"uncommon exception," is also misplaced. In C.W., supra, 449 N.J.

Super. at 257, while discussing the clear and convincing burden

of proof to overcome the presumption of release, we commented the

drafters of the CJRA "presumably chose that high bar to make

detention the appropriate result for only a limited group of the

most serious cases[.]" However, it does not necessarily follow

 15 A-4350-16T6
that where the presumption of detention is triggered, release

should be an uncommon exception.

 Defendants can rebut the presumption of detention by a

preponderance of the evidence, which does not pose the same high

bar as a clear and convincing standard. Further, nothing in the

CJRA suggests any intent to limit a defendant's ability to rebut

the presumption beyond his or her ability to convince a court by

a preponderance of the evidence that he or she will not flee,

obstruct justice, or pose a danger to the community. Once the

presumption of detention is rebutted, the same high bar of clear

and convincing evidence applies as when there is a presumption of

release. Thus, rather than supporting an argument for more

expansive detention, our observations in C.W. that the intent of

the CJRA is to limit detention to the most serious cases applies

equally where there is a presumption of detention.

 The remaining question is whether the court abused its

discretion in finding defendant rebutted the presumption of

detention and that there were conditions of release that would

reasonably assure his appearance in court when required and the

safety of any other person or the community.

 As to risk of flight, defendant proffered evidence that he

was a long-time resident of Irvington, had strong family ties in

the area, and was currently on disability after working for a

 16 A-4350-16T6
maintenance company. Further, defendant's criminal history showed

only one failure to appear in 1998.

 The State provided no evidence, let alone clear and convincing

evidence, that defendant was a flight risk. The State cannot rely

on the likelihood that defendant may be facing a lengthy sentence

to establish a flight risk; otherwise, no defendant could ever

overcome a presumption of detention.

 As to the risk of danger to any other person and the

community, the court found defendant was not the aggressor

throughout the incident and it appeared on the video he was acting

in self-defense. The court gave significant weight to these

findings, which go to the nature and circumstances of the offense

and the weight of the evidence, two factors the court properly

considered under N.J.S.A. 2A:162-20. While the State faults the

court for relying on its "own verdict of self-defense," we find

it was appropriate for the court to assess the risk defendant

posed to the community based on his behavior captured in the video.

 The court's observation that it appeared defendant was acting

in self-defense was relevant to assessing his risk of danger to

the community, regardless of whether defendant could ultimately

prove the elements of self-defense. The purpose of the pretrial

detention hearing is not to decide whether or not defendant acted

in self-defense. The only relevance of defendant's behavior is

 17 A-4350-16T6
whether it tends to show that no conditions of release would

reasonably assure the safety of any other person or the community.

Under the abuse of discretion standard, defendant's behavior on

the video does not establish there were no conditions of release

that could reasonably assure the safety of any person and the

community.

 Defendant's criminal history was the only other evidence the

State relied on that was relevant to this issue. While the court

mentioned defendant's criminal history, it made no findings as to

whether it weighed in favor or against detention. The court noted

that sixteen convictions were for disorderly persons offenses, but

defendant also had a few convictions for indictable offenses, such

as drug possession and hindering arrest. However, none of

defendant's past offenses were for violent crimes.

 We conclude the court did not abuse its discretion in finding

defendant rebutted the presumption of pretrial detention and that

home detention with electronic monitoring would reasonably assure

defendant's appearance in court when required and the safety of

any other person or the community. The court considered all

relevant factors and its decision did not reflect an abuse of

discretion.

 Affirmed.

 18 A-4350-16T6